# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **STATE AUTO PROPERTY &** | ) |
| **CASUALTY INSURANCE** | ) |
| **COMPANY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CASE NO.: 1:05-CV-0937-VEH |
| | ) |
| **LLOYD J. CROW, JR.,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

**I.   INTRODUCTION**

Plaintiff State Auto Property & Casualty Insurance Company ("State Auto") initiated this declaratory judgment action against Defendant Lloyd J. Crow ("Crow") on May 3, 2005, pursuant to 28 U.S.C. § 2201. (Doc. #1). In its complaint, State Auto seeks a declaration from this court that it owes no duty to defend or indemnify Crow under a homeowner's insurance policy bearing the number HGP9133128 (the "Policy") in relation to the underlying case of *Lloyd Crow, III v. Lloyd J. Crow, Jr., et al.*, CV-04- 771-JMK, pending in the Southern Division of the Circuit Court of Talladega County, Alabama (the "Underlying Action"). (Doc. #1 ¶¶ 1, 4-5).

On January 31, 2006, State Auto filed a Motion for Summary Judgment on the coverage dispute between the parties under the Policy (Doc. #9), to which Crow has

never responded. A little over five (5) months after that date, on July 7, 2006, this case was stayed pending the outcome of Crow's bankruptcy action. (Doc. #17). Roughly nine (9) months later, on April 24, 2007, the court lifted the stay in this case as a result of State Auto's status report on Crow's bankruptcy. (Doc. #22). In this same order, the court reopened the briefing schedule on summary judgment and allowed Crow until May 15, 2007, to file an opposition to summary judgment, and State Auto until May 29, 2007, to file its reply. The Order was sent to Crow on April 24, 2007 and was delivered on April 25, 2007. (doc. #23). Crow filed no opposition. State Auto filed no reply as it had nothing to reply to. Accordingly, State Auto's Motion for Summary Judgment is now under submission for a decision. Upon consideration of the record and the relevant law, the court concludes that State Auto's Motion for Summary Judgment is due to be granted.

**II.   ANALYSIS**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by

showing that the nonmoving party cannot present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23; *see* Fed. R. Civ. P. 56(a)-(b).

Rule 56(e) of the Federal Rules of Civil Procedure provides in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Thus, although a court may not a grant a motion for summary judgment simply because the motion goes unopposed, it may do so if the moving party has shown that there are not disputed issues of material fact and that she is entitled to judgment as a matter of law.

More specifically regarding a nonmovant's failure to oppose summary judgment, "the district court cannot base the entry of summary judgment on the mere fact that the motion [is] unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Real Property*, 363 F.3d 1099, 1101 (11th Cir. 2004) (citing *Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988) (per curiam)). While this court is not required to examine every item of evidence before it when considering a motion for summary judgment, it must

3

make certain that the motion is "supported by evidentiary materials." *One Piece of Real Property*, 363 F.3d at 1101.

At the very least, this court must consider all the evidence submitted by the movant in support of its motion. *Id.* (citing *Jeroma v. Massey*, 873 F.2d 17, 20 (1st Cir. 1989) (per curiam) (". . . the district court must review the motion and the supporting papers to determine whether they establish the absence of a genuine issue of material fact.")). The movant must demonstrate an absence of a genuine issue of material fact; if the movant fails to meet his burden, this court may deny the motion, without regard to whether the nonmovant has filed a response. *Hibernia Nat'l Bank*, 776 F.3d at 1279 (citing *John v. State of Louisiana*, 757 F.2d 698, 708 (5th Cir. 1985)). However, if the nonmovant has not supplied the court with a response to dispute any issue of fact, this court may receive the movant's factual account as "a *prima facie* showing of its entitlement to judgment." *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (citing *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986); *Celotex*, 477 U.S. 317(1986)).

### A. Procedurally, Crow has failed to respond to State Auto's Motion for Summary Judgment.

Applying the above standards to this case, the court concludes that State Auto

has demonstrated that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Crow has not come forward with any evidence in response to State Auto's initial showing on summary judgment. Pursuant to the court's summary judgment briefing order entered on April 24, 2007, the deadline for Crow to file his written opposition to summary judgment was May 15, 2007. (Doc. #22 at 3).

Moreover, Crow has not sought relief to extend his deadline to respond to summary judgment. Therefore, from a procedural standpoint, Crow has failed to meet his burden on opposition "to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324.

### B.  Substantively, State Auto's Motion for Summary Judgment is well-founded and due to be granted.

Additionally, the evidentiary record demonstrates that summary judgment in favor of State Auto is appropriate because State Auto has carried its burden of demonstrating the absence of any material factual dispute and an entitlement to judgment as a matter of law. More specifically and as summarized below, State Auto has affirmatively shown that it has no duty to defend or indemnify Crow in the Underlying Action either because there is no coverage under the Policy or

alternatively, because of the application of certain exclusionary language.

### 1. No coverage exists under the Policy.

In particular, State Auto has shown that no coverage exists because Crow's cutting his son with a knife is not an "occurrence" under the Policy because the nature of the act which forms the basis for the Underlying Action was not accidental. As Crow testified, he was aware that he would injure his son if he cut him with his knife. (Doc. #10 at Ex. D at 86-87 ("Q. Okay, But as we sit here today, you understand that if you take a knife and take it out and cut somebody, [i]t's going to injure them? A. Yeah.")). Crow's testimony about his awareness of the risks associated with using a knife is inconsistent with the definition of an accidental act. *See, e.g., St. Paul Fire & Marine Insurance, Co. v. Christiansen Marine, Inc.*, 893 So. 2d 1124, 1136 (Ala. 2004) (defining "accident" as "[a]n unintended and unforseen injurious occurrence . . .") (citing Black's Law Dictionary 15 (7th ed. 1999)). The undisputed lack of any accidental nature to the acts of Crow means that no coverage for the claims asserted in the Underlying Action exists under the Policy.

### 2. Alternatively, the Policy excludes coverage for intentional acts.

Alternatively, State Auto is entitled to summary judgment on the basis of

certain exclusionary language under the Policy. More specifically, State Auto has affirmatively shown that coverage is due to be excluded because the injury in question was "expected" or "intended" (the "Intentional Acts Exclusion"). Under the Intentional Acts Exclusion, "medical payments to others do not apply to bodily injury or property damage which is expected or intended by the insured." (Doc. #10 at Ex. B at 11). Given Crow's testimony about his awareness that using a knife to cut his son would injure him, Crow either "intended" to cause injury by pulling out his knife or he "expected" injury would result when he pulled his knife. *See, e.g., Watson v. Alabama Farm Bureau Mut. Cas. Ins. Co.*, 465 So.2d 394, 395 (Ala. 1985) ("Although the testimony indicated no prior animosity between the parties, and although [the insured] testified that he did not mean to shoot [the ex-husband], nevertheless, the trial judge, after hearing all of the evidence could have reasonably concluded that when [the insured] pulled the gun, he either expected or intended that the gun would discharge and injure [the ex-husband]."). Therefore, State Auto is alternatively entitled to summary judgment on the basis of the Policy's Intentional Acts Exclusion.

### III.  CONCLUSION

As analyzed above, State Auto has met its burden on summary judgment of demonstrating the absence of any material factual dispute and entitlement to judgment

as a matter of law. Accordingly, State Auto's Motion for Summary Judgment is due to be granted, and State Auto has no duty to defend or indemnify Crow as a matter of law. Furthermore, there being no remaining declaratory issues between the parties, this ruling also serves as a full adjudication of the case and a final judgment. The court will enter a separate order consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this the 30th day of May, 2007.

                   /s/ VEHopkins
                   **VIRGINIA EMERSON HOPKINS**
                   United States District Judge